IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 12-0670-CG-M |
| | ) |
| One 2003 Ford Mustang, | ) |
| VIN 1FAFP45X23F316865, et al. | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the court on the claimant Ron Blackmon's of Auto Pawn of Daphne ("Blackmon") motion to release property (Doc. 19), the United States' motion to strike (Doc. 23), and Blackmon's opposition to the motion to strike. (Doc. 25). Also before the court is the motion for summary judgment and brief in support of the United States (Docs. 26, 27), Blackmon's motion for summary judgment and its supplement (Doc. 28, 30), and the United States' opposition to Blackmon's motion. (Doc. 29).

## FACTS

The United States filed an amended verified complaint for forfeiture in rem of a 2003 Ford Mustang, VIN #1FAFP45X23F316865, among other property, pursuant to 18 U.S.C. § 981(a)(1)(C), alleging that the money used to pay off the loan on the defendant vehicle and obtain its title was acquired through wire fraud. (Doc. 7). Specifically, Janice Bollin ("Bollin") and Tricia McGee ("McGee") obtained the funds by submitting false claims to the Gulf

Coast Claims Facility ("GCCF") online and by fax after the Deepwater Horizon BP oil spill. (Doc. 7, ¶¶ 12-19). More than a year after McGee used the fraudulent BP claim money to pay off the loan on the Mustang and obtain its title, Blackmon alleges that she granted Auto Pawn of Daphne a security interest in the vehicle pursuant to a pawn agreement[1]. (Doc. 9 at 1, 3).  On May 11, 2012, the U.S. Secret Service seized the defendant Mustang from Bollin as authorized by a seizure warrant issued by this court. (Doc. 7, ¶ 4).

On December 19, 2012, the United States served Blackmon with a copy of the Notice of Forfeiture Action and the amended verified complaint by certified mail. (Doc. 7-1). The notice of forfeiture clearly informed Blackmon of his obligation to file a verified claim to the property within 35 days of service, as required by Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), and that if he filed a claim, he had 21 days after doing so to file an answer to the complaint.[2]

---

[1] Based on the relation back doctrine codified at 18 U.S.C. §981(f), "[a]ll right, title, and interest in the property . . . shall vest in the United States upon commission of the act giving rise to the forfeiture." The United States' interest in the vehicle apparently predates the claimant's interest by more than a year.

[2] (Doc. 7-1 at 1-2). Rule G(4) requires the United States to send "notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant." See Rule G(4)(b)(i) of the Supplemental Rules. The United States also sent copies of the verified complaint and a Notice of Forfeiture Action to Bollin and McGee by certified mail setting forth the pleading requirements and deadlines mandated by the Supplemental Rules. (Doc. 1-2 at 2-3). Neither Bollin nor McGee filed a claim or other responsive pleading within the applicable time period. (Doc. 23 at 2, n. 2)

Blackmon filed a claim (not verified) to the vehicle on January 8, 2013, (Doc. 9), but did not file an answer to the complaint within 21 days, or at any time thereafter. The United States attempted to work out a settlement with Blackmon (Doc. 12 & 14). After rejecting the United States' offer to share the post-forfeiture proceeds from the Mustang's sale, (see Doc. 21), On April 9, 2011, Blackmon filed a motion demanding release of the property. (Doc. 19). The United States then moved to strike Blackmon's filings pursuant to Supplemental Rule G(8)(c)(i)(A) and (B) on grounds that Blackmon lacks standing to oppose the forfeiture because he did not sign his claim under penalty of perjury or file an answer within 21 days of filing his claim. (Doc. 23). Subsequently, each party filed a motion for summary judgment. (Docs. 26, 28).

## DISCUSSION

The Supplemental Rules and 18 U.S.C. § 983(a)(4) "govern civil forfeiture actions and establish standing requirements for contesting forfeiture." United States v. $12,126.00 in U.S. Currency, 337 Fed.Appx. 818, 819 (11th Cir. 2009); See 18 U.S.C. § 983; Rule G(1) of the Supplemental Rules; United States v. $38,000.00 Dollars in U.S. Currency, 816 F.2d 1538,

---

Rule G(4) also requires that the government publish public notice of a civil forfeiture action. See Rule G(4) of the Supplemental Rules. The United States published notice on an official government website at www.forfeiture.gov for 30 consecutive days, from October 26, 2012 until November 24, 2012. (Doc. 10). It stated that anyone receiving notice of the intended forfeiture of the defendant Mustang from the online positing must file a claim within 60 days of the first date of publication. Id. at 4. No such claims were filed before the 60-day deadline. (Doc. 23 at 2, n. 2)

1544-45 (11th Cir. 1987). The notice of forfeiture served on Blackmon clearly informed him that the claim to the property "must be signed by the claimant under penalty of perjury," as required by Supplemental Rule G(5), and that "any person having filed such claim must also file an answer or motion in response to the complaint no later than 21 days after filing the claim." (Doc. 7-1 at 1-2). However, Blackmon did not sign his filings under penalty of perjury nor file an answer within 21 days of his claim.

The Supplemental Rules authorize the striking of claim for "failing to comply with Rule G(5)." See Rule G(8)(c)(i)(A) of the Supplemental Rules. Federal courts typically enforce pleading requirements of the Supplemental Rules strictly in the civil forfeiture context. United States v. 40 Acres of Real Property, 629 F.Supp.2d 1264, 1272-75 (S.D. Ala. 2009); See $12,126.00 in U.S. Currency, 33 Fed.Appx. at 819-20 (affirming a district court's striking of a claimant's claim as authorized by Rule G(8) for failure to file an answer as required by Rule G(5)) citing United States v. $125,938.62, 370 F.3d 1325, 1328-29 (11th Cir. 2004); $38,000.00 Dollars in U.S. Currency, 816 F.2d at 1544-45. Courts generally will not use their discretion to excuse pro se claimants from complying with Supplemental Rule G(5) absent a showing of extenuating circumstances or legitimate explanation of why they did not adhere to the pleading requirements. See $12,126.00 in U.S. Currency, 33 Fed.Appx. at 820; U.S. v. One Chevrolet Suburban, Civil Case No. 7: 10-CV-0153 (HL), 2011 WL 454371, *2 (M.D. Ga. Sept. 29, 2011). Blackmon has not

offered any special circumstances that warrant a relaxation of Supplemental Rule G(5)'s standards, other than taking the position that the United States is not entitled to forfeiture.  Consequently, the striking of Blackmon's filings pursuant to Rule G(8)(c)(i)(A) is proper.

The United States further argues that Blackmon's failure to adhere with Supplemental Rule G(5)'s pleading requirements also subjects the filings to being stricken due to a lack of statutory standing. Rule G(8)(c)(i)(B) authorizes a motion to strike "because the claimant lacks standing." $12,126.00 in U.S. Currency, 337 Fed. Appx. at 820 ("We have emphasized that claimants must strictly adhere to the procedural requirements of the Supplemental Rules to achieve statutory standing to contest a forfeiture action."); $125,938.62, 370 F.3d at 1328 ("A verified claim is a sworn notice of claim and is essential to confer[ring] statutory standing upon a claimant in a forfeiture action.") (internal quote marks and citations omitted); See $38,000.00 Dollars in U.S. Currency, 370 F.3d at 1328.  The court agrees. Because Blackmon did not file a verified claim or timely answer in compliance with the Supplemental Rules, he lacks standing to challenge the forfeiture action. Thus, the United States' motion to strike Blackmon's filings is **GRANTED**.

## CONCLUSION

For the reasons explained above, the United States' motion to strike (Doc. 23) Blackmon's notice for relief of forfeiture and demand for release of

property is **GRANTED**.  In light of this ruling, the United States' motion for summary judgment (Doc. 26) and Blackmon's motion for summary judgment (Doc. 28) are found to be **MOOT.**  There being no claims outstanding against the defendant property, this matter is ripe for final disposition on motion of the plaintiff.

**DONE** and **ORDERED** this 23rd day of July, 2013.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE